IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| BRENT DAVIS<br><br>Plaintiff,<br><br>v.<br><br>CONCENTRA HEALTH SERVICES, INC., and OCCUPATIONAL HEALTH CENTERS OF THE SOUTHWEST P.A. d/b/a CONCENTRA, CONCENTRA MEDICAL CENTERS, and CONCENTRA MEDICAL CENTERS, P.C.<br><br>Defendants. | Case No.: 3:15-cv-00142<br><br>**DEFENDANTS' NOTICE OF REMOVAL** |

Defendants Concentra Health Services, Inc. and Occupational Health Centers of the Southwest P.A.[1], pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby notify this Court that they are removing the above-captioned action currently pending in the Iowa District Court for Scott County to the United States District Court for the Southern District of Iowa, Eastern Division.  In support of this Notice of Removal, Defendants state:

      1.      On or about February 10, 2015, Plaintiff Brent Davis filed his Petition at Law and Jury Demand in the Iowa District Court for Scott County against Defendant Concentra Health Services, Inc., and also Defendant Occupational Health Centers of the Southwest P.A. d/b/a Concentra, Concentra Medical Centers, and Concentra Medical Centers, P.C. Plaintiff also named Kathryn A. Sievers PTA as a third Defendant.

---

[1] In his Petition, Plaintiff incorrectly identified Occupational Health Centers of the Southwest P.A. as "Occupational Health Centers of the Southwest, P.A., Inc." The entity is a professional association and is not incorporated.

1

2. Concentra Health Services, Inc. was served with the Petition on May 7, 2015. Occupational Health Centers of the Southwest P.A. was served with the Petition on May 11, 2015. They filed a joint Answer on June 10, 2015, which included the correct names of these two entities.

3. As to the third Defendant, Kathryn A. Sievers PTA, Plaintiff left a copy of the Petition with a supervisor at a location where she worked, but did not serve her individually.

4. Plaintiff is a citizen of Illinois. See Exhibit A.

5. As pled in Defendant's Answer and confirmed in discovery, Defendant Concentra Health Services, Inc., is a Nevada corporation with its principal place of business in Texas. See Exhibit A. As such, Concentra Health Services, Inc. is a citizen of Nevada and Texas.

6. As pled in Defendant's Answer and confirmed in discovery, Defendant Occupational Health Centers of the Southwest P.A., is a Texas professional association with its principal place of business in Texas. See Exhibit A. Occupational Health Centers of the Southwest P.A.'s sole owner is Robert Hassett, D.O., who is a citizen of Texas. As such, Occupational Health Centers of the Southwest P.A. is a citizen of Texas.

7. "Concentra," "Concentra Medical Centers," and "Concentra Medical Centers, P.C." are not entities. They are fictitious names sometimes used by Concentra Health Services, Inc. and Occupational Health Centers of the Southwest P.A. See Exhibit B. "[T]he citizenship of defendants sued under fictitious names shall be disregarded" for purposes of removal. 28 U.S.C. § 1441 (b)(1).

8. According to Plaintiff's Petition, Defendant Kathryn A. Sievers PTA was a resident of Scott County, Iowa. The fact that one of the defendants was a resident of the Southern District of Iowa therefore prevented removal to federal court at the time this case was

filed. 28 U.S.C. § 1441 (b)(2).  This has been determined by the Eighth Circuit Court of Appeals to be jurisdictional. *Horton v. Conklin*, 431 F.3d 602, 605 (8th Cir. 2005).

9. After some discussion between counsel regarding the inadequacy of service of process on Kathryn A. Sievers PTA individually, and Plaintiff having made no further effort to cure that inadequacy, Plaintiff dismissed Kathryn A. Sievers PTA as a Defendant on December 2, 2015.

10. The United States District Court for the Southern District of Iowa, is the federal judicial district encompassing Scott County, Iowa. *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

11. Diversity jurisdiction is conferred on the district courts by 28 U.S.C. § 1332(a), which provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states."

12. This action may be removed to this Court pursuant to 28 U.S.C. § 1441 because it is a "civil action brought in a State Court of which the district courts have original jurisdiction," and because "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action in brought." 28 U.S.C. §§ 1441(a) and (b).

13. Upon dismissal of Kathryn A. Sievers PTA as a Defendant in this case on December 2, 2015, no Defendant is a citizen of same state as the Plaintiff, and no Defendant is a citizen of the state in which the action was brought.

14. Removal is appropriate at this time because it is occurring within thirty (30) days after dismissal of the only Iowa party, but not more than one year after the commencement of the state court action. 28 U.S.C. § 1446 (b)(3) and (c)(1).

15. Plaintiff has alleged that his shoulder was injured while under the care of physical therapists employed by Occupational Health Centers of the Southwest P.A. and while using a machine owned by Concentra Health Services, Inc. In his answers to Defendants' interrogatories Plaintiff claimed entitlement to damages for this injury in excess of $474,000, with additional alleged damages not yet determined. See Answer to Interrogatory No. 1 attached as Exhibit C.

16. Based on these allegations, if proven, a fact finder could legally conclude that Plaintiff has suffered damages greater than $75,000. 28 U.S.C. § 1332 (a).

17. Pursuant to 28 U.S.C. § 1446(a), copies of all of the pleadings which have been filed in this action to date are attached as Exhibit A, including (a) the Original Notice and Plaintiffs' Petition and Jury Demand, (b) the Answer filed by Concentra Health Services, Inc. and Occupational Health Centers of the Southwest P.A., and (c) Plaintiffs' Dismissal of Defendant Kathryn A. Sievers PTA. No other process, pleadings, or orders have been served on Defendants in connection with this action.

18. Pursuant to 28 U.S.C. § 1446(d), Defendants are giving written notice of this filing of its Notice of Removal to all parties to this litigation (Exhibit D), and a copy of this Notice of Removal is being filed with the Clerk of the District Court for Scott County, Iowa (Exhibit E). A Local Rule 81(a) Statement is attached hereto as Exhibit F.

Dated:   December 11, 2015.

                Respectfully submitted,

                Hayward L. Draper, AT0002075
                NYEMASTER GOODE P.C.
                700 Walnut, Suite 1600
                Des Moines, Iowa  50309-3899
                Telephone:     (515) 283-3149
                Facsimile:      (515) 283-3108
                Email:  hdraper@nyemaster.com

                ATTORNEY FOR DEFENDANTS
                CONCENTRA HEALTH SERVICES,
                INC., and OCCUPATIONAL HEALTH
                CENTERS OF THE SOUTHWEST P.A.

## CERTIFICATE OF SERVICE

       I hereby certify that on December 11, 2015, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and that a true copy of the foregoing instrument was served upon the following on December 11, 2015 via U.S Mail:

William J. Bribriesco, AT0001089
Anthony J. Bribriesco
WILLIAM J. BRIBRIESCO & ASSOCIATES
2407 18th Street, Suite 200
Bettendorf, Iowa 52722
Telephone: 563-359-8266
Facsimile: 563-359-5010
Email: bill@bribriescolawfirm.com
ATTORNEYS FOR PLAINTIFF

                                                             /s/ Hayward L. Draper